**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIL THAKUR,<br><br>     Petitioner,<br><br>  v.<br><br>FERETI SEMAIA, et al.,<br><br>     Respondents. | Case No. 5:26-cv-01722-MBK<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS |

Petitioner Anil Thakur, a native and citizen of India, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. On April 8, 2026, Mr. Thakur filed the instant habeas Petition and an application for a temporary restraining order ("TRO"). He alleges several federal constitutional, statutory, and regulatory violations in connection with the revocation of his release and detention. In response to Mr. Thakur's TRO application, Respondents stated they "are not presenting an opposition argument to the Petition or TRO at this time." Dkt. 8 at 2. In light of Respondents' position, the Court finds that Mr. Thakur has demonstrated that the Government violated his right to due process by re-detaining him

without notice and an opportunity to be heard. Accordingly, the Court grants Mr. Thakur's unopposed Petition, issues a writ of habeas corpus requiring Petitioner's immediate release and preventing his re-detention absent notice and a hearing, and denies his TRO application as moot.

## I.     FACTS AND PROCEDURAL HISTORY

Petitioner Anil Thakur is a 21-year-old native and citizen of India. Dkt. 1 at 13. He entered the United States without inspection on June 19, 2024. *Id*. He was briefly apprehended by immigration authorities and served with a notice to appear placing him in removal proceedings under 8 U.S.C. § 1229a. Dkt. 3-1 at 7-8. He was released on his own recognizance pursuant to INA § 1226 ("ROR"). *Id*. at 11. Mr. Thakur has complied with all the conditions of his release from custody and never missed a meeting with Immigration and Customs Enforcement ("ICE") or immigration court hearing. Dkt. 3 at 6. He has filed an application for asylum with the Executive Office of Immigration Review ("EOIR") on November 18, 2024, and has actively sought a resolution of his case. *Id*.; Dkt. 3-1 at 14-25.

Immigration authorities apprehended Mr. Thakur on March 19, 2026, without notice or an opportunity to explain why he should not be detained. Dkt. 3 at 6. Petitioner has remained in the custody of DHS at the Adelanto Detention Facility since that time. During his time at Adelanto, Mr. Thakur has not been afforded a bond hearing or otherwise been determined to be a flight risk or danger to the community requiring his detention. Dkt. 1 at 14-15.

Mr. Thakur filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and an Application for a TRO and accompanying documents on April 8, 2026. Dkt. 1, 3. In this habeas action, he claims his

2

ongoing detention violates his Fifth Amendment right to due process as well as immigration statutes and regulations. Dkt. 1 at 17-19. The case was assigned to Magistrate Judge Kaufman pursuant to General Order No. 26-05. Dkt. 5, 6. Mr. Thakur explicitly consented to Magistrate Judge jurisdiction (Dkt. 4), and Respondents did not file a notice of withdrawal of consent. *See* Dkt. 6 at 4. On April 10, 2026, the Court set a briefing schedule and hearing date for the TRO application. Dkt. 7. On April 13, 2026, Respondents filed their response in which they stated that, "[i]n light of General Order 26-05, Respondents respectfully submit that the TRO should be denied. Respondents are not presenting an opposition argument to the Petition or TRO at this time." Dkt. 8 at 2. The Court vacated the hearing on April 14, 2026. Dkt. 10.

## II.   DISCUSSION

Petitioner Thakur has demonstrated that he is entitled to relief on his due process claims. Petitioner alleges—and the Respondents do not contest— that he was released on a ROR and re-detained without any notice or an opportunity to be heard.

In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining noncitizens released on an Order of Supervision ("OSUP") or ROR without notice or an opportunity to be heard. *See Akbay v. Lyons*, No. 5:26-cv-1456-JGB-MAA, 2026 WL 966574, at *3-4 (C.D. Cal. Apr. 7, 2026) (finding that "under the Fifth Amendment's Due Process Clause, Petitioner has a liberty interest in due process protections prior to re-detention following a grant of ROR" and granting a TRO); *V.K. v. Noem*, No. 5:26-cv-00241-MWC-SK, 2026 WL 246023, at *3 (C.D. Cal. Jan. 25, 2026) (granting a TRO because, *inter alia*, "Petitioner has demonstrated a likelihood of success on the merits of his

claim that re-detention with no process violated his Fifth Amendment due process rights"); *Mahalati-Shirazi v. Noem*, No. 5:26-cv-00117-MWC-SSC, 2026 WL 174654, at *5 (C.D. Cal. Jan. 18, 2026) (same); *Juarez v. Noem*, No. 5:26-cv-00014-MWC-KS, 2026 WL 127607, at *3 (C.D. Cal. Jan. 9, 2026) (same); *Mikhaylich v. Marin*, No. 2:25-cv-12071-MWC-MAR, 2026 WL 51978, at *4 (C.D. Cal. Jan. 5, 2026) (same).

As in these cases, the Court considers Petitioner's procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining his life out of custody. While DHS had released Mr. Thakur on his own recognizance and subject to conditions, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, Dkt. 12 at 7 (C.D.

4

Cal. Nov. 6, 2025). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). Nothing in the record suggests that Petitioner is a flight risk or danger. His initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Since that time, Mr. Thakur has complied with the conditions of his release and actively pursued asylum. Based on the record, the Court concludes that there is a high risk that a lack of pre-deprivation process—that is, notice and a hearing to determine whether Petitioner in fact presents a danger or flight risk—has likely already resulted in Petitioner's unnecessary detention.

With respect to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" Sun, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO, 2025 WL 1918679, at *8 (E.D. Cal. July 11,

5

2025).

Given that the Government has re-detained Petitioner once without any process and seemingly without any justification, it is appropriate to prevent the Government from re-detaining him again absent notice and a hearing at which the Government must show his detention is warranted. Multiple courts in this District—including the undersigned Magistrate Judge—have found that due process requires pre-deprivation notice and a hearing where, as here, the Government seeks to re-detain someone who has been living at liberty without incident for years. *See, e.g., M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO preventing the petitioner's re-detention absent pre-deprivation notice and a hearing); *Cruz*, No. 5:25-cv-02879-MCS-MBK, Dkt. 12 (same); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition and ordering same relief). The Court therefore orders that the Government cannot re-detain Petitioner absent notice and a pre-deprivation hearing at which the Government must justify the need to detain him.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner, subject to the conditions of his prior ROR, and preventing Respondents from re-detaining Petitioner absent notice and a pre-deprivation hearing; (3) Respondents shall file a status report within seven (7) days to confirm that Petitioner has been released from custody.

6

Dated: April 15, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE